UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **TREVIS ORLANDO LOVE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1802(RBW) |
| | ) | |
| **FEDERAL BUREAU OF** | ) | |
| **INVESTIGATION** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The plaintiff filed this pro se complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), naming as defendants three components of the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the Executive Office of United States Attorneys ("EOUSA") and the Drug Enforcement Administration ("DEA"). The defendants have jointly moved for summary judgment. Because the record establishes that there exists no genuine issue of material fact and that the defendants are entitled to summary judgment as a matter of law, the motion will be granted.

**I.  FACTUAL BACKGROUND**

It is undisputed that the plaintiff submitted FOIA requests dated June 23, 2008 to the FBI, the EOUSA, and the DEA, requesting from each "a complete and thorough search of your filing system under your agency's control, of any records you may have that pertain in any form or sort to myself." Defendants' Motion for Summary Judgment, Declaration of David M. Hardy, Jan. 23, 2009 ("Hardy Decl."), Exhibit ("Ex.") A (the plaintiff's FOIA request); *see also id.*,

Declaration of John W. Kornmeier, Jan. 26, 2009 ("Kornmeier Decl."), Ex. A (same); *id.,* Declaration of William E. Little, Jan. 29, 2009 ("Little Decl."), Ex. A (same).  In response to the plaintiff's initial contact, the FBI first requested more information and then, by letter dated August 8, 2008, reported that its search had identified no responsive documents and advised the plaintiff of his administrative appeal rights.  *See id.,* Hardy Decl., Exs. B, D.  The EOUSA responded to the plaintiff's request by letter dated July 8, 2008, indicating that it would comply with the plaintiff's FOIA request.  *See id.,* Kornmeier Decl., Ex. B.  The DEA responded to the plaintiff by letter dated July 31, 2008, stating that its office was "experiencing a transition," which would cause delay in responding to the plaintiff's request, but indicating that it would comply with the plaintiff's request, which would "be handled as expeditiously as possible," and "in chronological order," and that a search number would be assigned and forwarded later.  *Id.,* Little Decl., Ex. B.  The plaintiff acknowledges that he received these communications.[1]  Plaintiff's Motion in Opposition of Defendant's Statement of Material Facts as to Which There is no Genuine Dispute at 1-3.  Nonetheless, based on these circumstances, the plaintiff initiated this lawsuit by filing a pro se complaint on September 24, 2008.[2]  *See* Complaint ("Compl.") at 1.

The complaint states that after submitting requests for information under the FOIA, *id.* ¶ 1, the plaintiff "waited the specified 20 day period of time . . . in accordance with the rules of 5

---

[1] The communications between the plaintiff and the defendant did not end at this point, but the remainder of the factual record is immaterial to the determination of the motion for summary judgment as to the relief sought in the complaint.

[2] When a plaintiff submits a pro se complaint with an application to proceed in forma pauperis, the date of the filing of the complaint is deemed to be the date on which the complaint was received by the Clerk of Court.

U.S.C. § 552," *id.* ¶ 2, and then because "no documentation has been provided . . . nor has any information been forthcoming as to whether the documents will be produced in the foreseeable future," *id.* ¶ 3, the plaintiff initiated this civil action. The complaint includes a "discussion" section, which states that:

> 5 U.S.C. § 552 allows twenty days for an agency to respond (Section (a)(6)(A)) and requires that an administrative appeal must follow. However, the remedial provision of Section (6)(C) 'allows immediate recourse to the courts to compel the agency's response to a FOIA request' once that time period has elapsed without a formal determination from said agency.

Compl. at 3 (quoting *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 63-64 (D.C. Cir. [1990])) (punctuation and spelling altered). The plaintiff posits that because the FBI, EOUSA and DEA did not respond within the time allowed he should be deemed to have constructively exhausted his administrative remedies prior to filing this action, and that he is entitled to a "Motion to Compel" the release of the requested documents. *See id.* at 1 (referring to the complaint as a motion to compel defendants to release documents); Plaintiff's Answer to Defendants' Motion for Summary Judgment at 1, 2 (asserting constructive exhaustion).

## II.  STANDARD OF REVIEW

To grant a motion for summary judgment under Rule 56(c), this Court must find that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Bayer v. U.S. Dep't of Treasury,* 956 F.2d 330, 333 (D.C. Cir. 1992). However, the non-moving party cannot rely on "'mere allegations or denials . . . , but . . . must

set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(c)). Under Rule 56(c), if a party fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is warranted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of establishing the absence of evidence that supports the non-moving party's case. *Id.*

### III.  LEGAL ANALYSIS

The FOIA requires each agency, upon receipt of a FOIA request submitted in accordance with 5 U.S.C. § 552(a)(3), to

> determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request **whether to comply with such request** and . . . immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

5 U.S.C. § 552(a)(6)(A)(i) (emphasis added).[3] Notification by an agency of whether it will comply with the request is not the same thing as delivering the requested documents. *See Spannaus v. U.S. Dep't of Justice,* 824 F.2d 52, 59 n.7 (D.C. Cir. 1987) (distinguishing between when the FBI determined whether to comply with the request and when it delivered the documents). All that is required to satisfy § 552(a)(6)(A)(i) in this circuit is "a reply from the agency indicating that it is responding to [the] request." *Oglesby,* 920 F.2d at 61. The FOIA further provides that

---

[3] The 20-day period, which commences when the appropriate component of the agency receives the request, may be tolled or extended under certain circumstances. *See* 5 U.S.C. § 552(a)(6)(A)(ii) (specifying circumstances for tolling); 5 U.S.C. § 552(a)(6)(B) (specifying circumstances for extension).

> [a]ny person making a request to any agency for records under paragraph . . . (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

5 U.S.C. § 552(a)(6)(C)(i). However, although

> 5 U.S.C. § 552(a)(6)(C) permits a requester to file a lawsuit when [twenty] days have passed without a reply from the agency indicating that it is responding to his request, . . . this option lasts only up to the point that an agency actually responds. Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately. Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies.

*Oglesby,* 920 F.2d at 61. Thus, even if an agency does not meet the deadlines imposed by § 552(a)(6)(A)(i), "once the agency responds to a FOIA request, the requester must exhaust his administrative remedies before seeking judicial review." *Id.* at 64. In other words, "[i]f the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies." *Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1310 (D.C. Cir. 2003) (citing *Oglesby,* 920 F.2d at 64-65).

In this circuit, failure to exhaust available administrative remedies is treated as a bar to judicial review. *Hidalgo v. FBI,* 344 F.3d 1256, 1259 (D.C. Cir. 2003) ("[T]he FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review."). Permitting a FOIA requester to pursue judicial review without benefit of prior consideration at the administrative appeal level would allow premature interference with agency processes and deprive the parties and the courts of both an adequate record for judicial review and the benefit of the agency's experience and expertise. *Id.* Therefore, as jurisprudential doctrine, where a FOIA

plaintiff has not exhausted his administrative remedies before filing suit, dismissal of the complaint is warranted. *Id.* at 1258, 1260.

There is no genuine dispute on the record before the Court that well before the plaintiff filed this civil action, that the FBI, EOUSA and DEA had each responded acknowledging plaintiff's FOIA request and indicating either that it would process the request or that it had already done so. There also is no dispute that at the time this lawsuit was filed, the plaintiff had not pursued, let alone exhausted, his administrative remedies. Thus, the plaintiff's claim of constructive exhaustion is without merit, and his lawsuit was prematurely filed and therefore is not ripe for adjudication in this forum.

### IV.  CONCLUSION

For the reasons set forth above, the Court will grant the defendants' motion for summary judgment and dismiss this case because the undisputed record shows that the plaintiff did not constructively exhaust his administrative remedies, and that the defendants are therefore entitled to summary judgment on his complaint seeking an order compelling the release of documents. A final order consistent with this memorandum opinion was previously filed on September 30, 2009, and is, as of this 7th day of October, 2009, a final order subject to appeal.

/s/
REGGIE B. WALTON
United States District Judge